68 F.3d 461
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Donny Ray ADKINS, Defendant-Appellant.
 No. 95-5164.
 United States Court of Appeals, Fourth Circuit.
 Submitted: September 21, 1995.
Decided: October 10, 1995.
 
 Hunt L. Charach, Federal Public Defender, C. Cooper Fulton, Assistant Federal Public Defender, Charleston, WV, for Appellant. Rebecca A. Betts, United States Attorney, Monica K. Schwartz, Assistant United States Attorney, Charleston, WV, for Appellee.
 Before RUSSELL, MURNAGHAN, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Donny Ray Adkins entered a guilty plea to manufacturing (cultivating) marijuana plants on federal land, 21 U.S.C.A. Sec. 841 (West 1981 & Supp.1995). He appeals his 60-month sentence on the ground that the district court clearly erred in finding that he grew more than 100 plants. We affirm.
 
 
 2
 A National Park Service investigation conducted during the spring and summer of 1994 established that Adkins was growing marijuana on two plots within the New River Gorge National Park in West Virginia. National Park Service Investigator Christoper Schrader bought marijuana from Adkins several times and saw both plots. Adkins does not dispute that the smaller plot had 18 plants on it.
 
 
 3
 Schrader first estimated that between 105 and 108 plants were growing on the larger plot when he was led to it by an informant. Because he was afraid of being detected, Schrader did not stay long or enter the plot. He returned a few days later to photograph the large plot and surprised Adkins working in it. On this occasion, Schrader sat at the edge of the plot for nearly half an hour and made a count of the plants while Adkins talked to him. He counted 105 plants. All the plants in both plots were removed or destroyed before the investigation was complete.
 
 
 4
 After Adkins' guilty plea, the probation officer recommended a base offense level of 26 (100-400 kilograms of marijuana), United States Sentencing Commission, Guidelines Manual, Sec. 2D1.1 & comment. (backg'd) (Nov.1994), reduced by three levels for acceptance of responsibility. Adkins was in criminal history category II. Taking into account the five-year minimum sentence, see 21 U.S.C.A. Sec. 841(b)(1)(B)(vii), his recommended guideline range was 60-63 months.
 
 
 5
 At the sentencing hearing, an investigator for the public defender testified on Adkins' behalf. He provided photographs of the plot as it appeared in October 1994. Adkins asserted that the plot had no more than 50 plants on it, planted five to a mound. His attorney argued that, despite Investigator Schrader's experience in other investigations of marijuana growing on federal land, he could not have made an accurate count of the plants in the large plot. Nevertheless, the district court found that the government's evidence that more than 100 plants were growing in the two plots was more credible than Adkins' evidence that he had fewer than 100 plants.
 
 
 6
 On appeal, Adkins contends that the government's evidence was too unreliable to be considered by the district court. He argues that, on his second visit to the large plot, Schrader's view was limited and his own excitement and Adkins' conversation would have distracted him and prevented him from counting the plants accurately. Evidence relevant to disputed issues at sentencing must have "sufficient indicia of reliability to support its probable accuracy." USSG Sec. 6A1.3(a); United States v. Uwaeme, 975 F.2d 1016, 1021 (4th Cir.1992). Schrader had eight years experience as an investigator for the National Park Service. He had investigated fourteen to sixteen plots of marijuana found growing on federal land. We find that Schrader's testimony was sufficiently reliable to be considered by the district court.
 
 
 7
 Schrader testified that he sat down for a better view of the plant stalks in Adkins' large plot, that Adkins did most of the talking with minimal responses from him, and that he believed he had been able to make an accurate count of 105 plants. Adkins testified that no more than sixty plants were growing there. In the absence of other evidence, the district court was forced to make a credibility determination, an issue not subject to appellate review. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989). On this record, we cannot find that the district court clearly erred in determining that Adkins was responsible for more than 100 marijuana plants based on Schrader's testimony.
 
 
 8
 We therefore affirm the sentence imposed by the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED